IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                 No. 08 CR 1541 MV

FRANCISCO BURCIAGA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Francisco Burciaga's Motion to Reconsider Conditions of Release [Doc. 127], filed June 23, 2011.  The Court has considered the Motion, the Government's Response [Doc. 128], Defendant's Reply [Doc. 130], the relevant law, and being otherwise fully informed, **FINDS** that the Motion should be **DENIED** for the reasons stated herein.

### PROCEDURAL HISTORY

On June 24, 2008, Defendant was arrested for possession of 1000 grams and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  On June 26, 2008, United States Magistrate Judge Lorenzo Garcia ordered Defendant detained pending trial.  On May 2, 2011, following a series of trial continuances and a mistrial, the Court held that the initial traffic stop that led to the discovery of the heroin in Defendant's vehicle was unsupported by reasonable suspicion, and the Court granted Defendant's Motion to Suppress.  The Government appealed, and this case remains pending before the Tenth Circuit.  Defendant now moves for reconsideration of his conditions of release.

**DISCUSSION**

Where, as here, a defendant moves for reconsideration of conditions of release pending the Government's appeal of an order suppressing evidence, the Court must look to the provisions governing detention as set forth in 18 U.S.C. § 3142. *See* 18 U.S.C. § 3143(c). In this case, Defendant is charged with a controlled substance offense for which the maximum term of imprisonment is ten years or more. After holding a detention hearing, Magistrate Judge Garcia determined that there was probable cause to believe that Defendant had committed the charged offense. Doc. 6. Under these circumstances, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

Defendant argues that this Court's granting of his motion to suppress "effectively removed from this case any evidence which might give rise to a presumption of detention." Doc. 127 at 1. He further argues that the Court must consider the fact that the evidence has been suppressed in considering "the weight of the evidence" as required under 18 U.S.C. § 3142(g). The Government responds that the suppression order did not alter the detention analysis, as section 3142 instructs that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." Doc. 128 at 2 (quoting 18 U.S.C. § 3142(f)(2)(B)). The Government further argues that even if the presumption of detention does not apply, the factors set forth in 18 U.S.C. § 3142(g) demonstrate that no conditions of release will reasonably assure Defendant's appearance or the safety of the community.

**I.      Defendant Is Not Entitled to a New Detention Hearing**

Preliminarily, the Court must address Defendant's contention that he is "entitled" to a

new detention hearing.  *See* Doc. 130 at 3.  In support of this assertion, Defendant cites two cases in which courts reopened detention hearings following the suppression of evidence.  *See id.* (citing *United States v. Peralta*, 849 F.2d 625 (D.C. Cir. 1988) (per curiam) and *United States v. Shareef*, 907 F. Supp. 1481 (D. Kan. 1995)).

In *Peralta*, the defendant was arrested for possession of cocaine and he was subsequently released on bond.  849 F.2d at 626.  After he unsuccessfully moved to suppress the drug evidence, his bond was revoked and he entered custody.  *Id.*  On appeal, the defendant argued that the district court had impermissibly reopened the detention hearing, and the District of Columbia Circuit disagreed: "[T]he court *was authorized* to reopen the detention hearing when previously nonexistent, material information was brought to light."  *Id.* (citing 18 U.S.C. § 3142(f) for proposition that "detention hearing *may* be reopened at any time before trial if material information exists that was unknown at time of hearing") (both emphases added).  In *Shareef*, a case involving the transportation of stolen vehicles in interstate commerce, the district court suppressed the Government's evidence and the magistrate judge held a new detention hearing, citing *Peralta* for the proposition that "[s]uppression of all the evidence in the case is information that *may* form the basis upon which a detention hearing *may* be reopened."  907 F. Supp. at 1483 (emphasis added).  The magistrate judge, in his discretion, chose to reopen the detention hearing after first noting that he was "not required" to do so.  *Id.* (emphasis removed).

The permissive language in both *Peralta* and *Shareef* stems directly from the statute, which states that if new evidence comes to light, the detention hearing *may* be reopened.  18 U.S.C. § 3142(f).  Neither the statute nor the case law Defendant cites support his contention that he is "entitled" to a new hearing.  Here, the record is sufficiently clear for the Court to make its detention determination without requiring another hearing.

**II.     Section 3142(e)'s Presumption of Detention Still Applies**

As noted above, the statute governing detention proceedings states that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."  18 U.S.C. § 3142(f)(2)(B).  Given the broad and general nature of this statutory language, it is clear that section 3142(f)(2)(B)'s reference to "the rules concerning admissibility of evidence in criminal trials" encompasses the Federal Rules of Evidence as well as constitutional rules, including the exclusionary rule under the Fourth Amendment.[1]

Notwithstanding this statutory language, Defendant advances one case that supports his argument that the suppression of evidence negates the mandatory detention provision.  In *United States v. Jay*, 261 F. Supp. 2d 1235, 1239-40 (D. Or. 2003), a case involving weapons and narcotics charges that would normally trigger the presumption of detention, the district court concluded that the suppression of evidence overcame the presumption.  However, the court in *Jay* did not distinguish 18 U.S.C. § 3142(f)(2)(B)'s language regarding the rules concerning admissibility of evidence, which limits this case's persuasive value.  Moreover, this Court has found authority more directly on point that supports its conclusion that suppression under the

---

[1] Defendant, in his reply, has altered the statutory language from "the rules concerning admissibility of evidence" to simply "the rules of evidence."  *See* Doc. 130 at 9.  On the contrary, the Court finds it significant that Congress chose a broader, more general term that encompasses all rules governing the admissibility of evidence, rather than one that would most likely refer only to the Federal Rules of Evidence.  Had Congress intended to preclude application only of the Federal Rules, it would have chosen this clear and concise term.  *See Nutraceutical Corp. v. Von Eschenbach*, 459 F.3d 1033, 1039 (10th Cir. 2006) ("The rule against surplusage encourages courts to give meaning to every word used in a statute to realize congressional intent.  In effect, this rule embodies the belief that Congress would not have included superfluous language."); *see also Negonsott v. Samuels*, 507 U.S. 99, 104-06 (1993) ("Our task is to give effect to the will of Congress . . . . [We must give] effect to every clause and word of the statute.") (citations and alterations omitted).

Fourth Amendment does *not* alter the detention analysis.  In *United States v. Hightower*, 203 F.3d 836, 2000 WL 136813 (10th Cir. 2000) (unpublished table disposition), the district court granted the defendant's motion to suppress, yet considered the suppressed evidence to conclude that the defendant had not overcome the presumption of detention pending the government's appeal.  The Tenth Circuit cited section 3142(f)(2)(B)'s language regarding the rules concerning admissibility of evidence for the proposition that "our ultimate ruling on the validity of the district court's suppression order may have a bearing on the issue of pretrial detention; until the validity of that order has been decided, however, we consider the facts sought to be suppressed as if admissible."  *Id*. at *2.

The Court agrees with the Tenth Circuit's reasoning in *Hightower*, an unpublished order which holds substantial persuasive value as it comports with the plain meaning of section 3142(f)'s statutory language.  In *Hightower*, the Tenth Circuit assumed – and this Court agrees – that the "rules concerning admissibility in criminal trials" include the Fourth Amendment's exclusionary rule, and the exclusionary rule accordingly does not extend to the detention determination.[2]  Moreover, the procedural posture in *Hightower* was an important factor in the court's conclusion.  Here, like in *Hightower*, the Tenth Circuit's resolution of the Government's appeal will in all likelihood be the final word on whether or not the Government may introduce its drug evidence at Defendant's trial.  In light of the challenged nature of the suppression order, it would be premature at this juncture to conclude that section 3142(e)'s presumption has been

---

[2] The Court further notes that the Supreme Court has declined to extend the exclusionary rule – which applies to criminal *trials* – to other criminal proceedings.  *See Pennsylvania Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 363-64 (1998) (holding exclusionary rule inapplicable to parole revocation proceedings and citing Supreme Court cases declining to extend exclusionary rule to grand jury proceedings, civil tax proceedings, and civil deportation proceedings).

negated.

### III. Defendant Has Failed to Rebut the Presumption of Detention

Notwithstanding the Court's conclusion that section 3142(e)'s presumption applies, it remains mindful of the fact that the presumption is a rebuttable one. Defendant argues that the inadmissibility of the evidence undermines its weight, a factor that must be considered under section 3142(g)(2). The Court agrees that suppression goes to the weight of the evidence, but it must also consider "the nature and circumstances of the offense charged, including whether the offense . . . involves a controlled substance;" as well as the defendant's "community ties . . . [and] criminal history." 18 U.S.C. § 3142(g).

At trial, Defendant testified that he was born in Chicago, raised in El Paso, and lived in Phoenix prior to his arrest. 11/16/10 Tr. of Proceedings [Doc. 81] at 190 & 198. His mother and siblings live in Chicago, Los Angeles and El Paso; he did not testify as to any relatives or other ties to New Mexico. *Id*. at 190-91. He testified that his father and other relatives live in Mexico, and prior to his arrest he frequently traveled back and forth across the border between El Paso and Juarez. *Id*. at 190-98. In addition, Defendant testified that he has been convicted of two marijuana offenses, one of which involved over five pounds of marijuana. *Id*. at 192. He served time in prison for both of those offenses. *Id*. at 193. The Court concludes that Defendant's history of drug offenses and his lack of ties to New Mexico make him a flight risk such that he cannot overcome the presumption of detention.

Finally, the Court wishes to respond to the Government's citation to aspects of Defendant's history and characteristics that it argues demonstrate that he is a flight risk, which it obtained from Defendant's Form 13 Presentence Report. Neither this report nor its contents should be provided to the Court absent Defendant's consent. FED. R. CRIM. P. 32(e)(1) ("Unless

the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty."). Accordingly, the Court did not consider the Government's citations to the Form 13 PSR in arriving at its conclusion that Defendant has failed to rebut the presumption of detention.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Conditions of Release is **DENIED**.

Dated this 29th day of July, 2011.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

*Attorneys for Plaintiff:*
Jon Stanford
Paige Messec

*Attorney for Defendant:*
D. Penni Adrian