IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                No. 08 CR 1541 MV

FRANCISCO BURCIAGA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Government's *Amended Motion in Limine to Prevent Use of "Burden of Proof" Demonstrative Aid* (Doc. 189).  The Court has considered the motion, briefs, and the relevant law, and being otherwise fully informed, **FINDS** that the motion shall be **GRANTED** for the reasons stated herein.

### ISSUE

The Government moves for a pretrial order prohibiting Defendant from using a "burden of proof" demonstrative aid during trial.  The demonstrative aid, which the Government attaches to its motion, *see* Doc. 189-1, is a chart purporting to list fourteen different levels of proof of guilt, the highest of which is "guilt beyond a reasonable doubt."  The Government argues that this exhibit is legally inaccurate and will confuse the jury, and also contends that it encroaches upon the Court's role of instructing the jury regarding the law.  Defendant responds that all of the Government's arguments are unfounded.

1

**DISCUSSION**

Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury . . . ."  The demonstrative aid at issue depicts a scale with "guilt beyond a reasonable doubt" at one end, and "believed not guilty" at the other.  Doc. 189-1.  All thirteen levels of guilt below "guilt beyond a reasonable doubt" fall into the category of "not guilty."  Some examples of these levels of guilt are: "strong belief", "guilt likely", "possibly guilty", and "highly unlikely."  *Id*.

At a previous trial before this Court, defense counsel attempted to offer this demonstrative during closing arguments.  The Court excluded the demonstrative on grounds that it would be unhelpful and would confuse the jury.  The Court is not persuaded by Defendant's arguments in response to the Government's motion in limine, and the Court maintains its position that the proposed demonstrative would be unhelpful and confusing.

In his response to the Government's motion, Defendant indicates that counsel intends to present the demonstrative to the jury during closing arguments.  *See* Doc. 202 at 2 ("[A]ttorneys often spend time in their closing arguments explaining to the jury what proof beyond a reasonable doubt means in the context of a criminal case").  Therefore, the Court will have already instructed the jury on reasonable doubt.  *See* Criminal Stock Jury Instructions at 4 ("MV Stock Instruction No. 4) (available at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html). While the Court is not particularly concerned that introduction of the demonstrative would encroach on the Court's role, it is indeed concerned that the instruction would serve no other function than to confuse the jury as to the true meaning of "reasonable doubt."

While it is well-established that the Due Process Clause requires that a criminal conviction be supported by proof beyond a reasonable doubt, *see In re Winship*, 397 U.S. 358 (1970), the process by which a court must convey this standard to a jury is far less certain.  In fact, most circuit courts have held that trial courts are not required to define "reasonable doubt" for the jury at all.  *See*, *e.g.*, *LaFevers v. Gibson*, 182 F.3d 705 (10th Cir. 1999) (court did not violate defendant's constitutional rights by failing to instruct jury sua sponte on definition of "reasonable doubt"; federal law does not require trial courts to define term or to use any particular words in advising jury of government's burden of proof).  Nonetheless, this Court believes that it is proper to offer the jury a definition, as the concept is of central importance in any criminal proceeding.  Yet the Court also recognizes that attempting to quantify or otherwise offer a detailed explanation of the concept will only serve to confuse the jury, and will not help jurors to understand the burden of proof.

The Supreme Court has recognized that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury."  *Holland v. United States*, 348 U.S. 121, 138 (1954) (quoting *Miles v. United States*, 103 U.S. 304, 312 (1880)).  At least two circuit courts have discouraged or prohibited altogether the process of defining "reasonable doubt," reasoning that extensive attempts to explain the concept will in fact lessen the jury's understanding of it.  *See*, *e.g.*, *United States v. Lighty*, 616 F.3d 321, 380 (4th Cir. 2010) ("attempting to explain the words 'beyond a reasonable doubt' is more dangerous than leaving a jury to wrestle with only the words themselves") (citation omitted); *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988) ("[A]t best, definitions of reasonable doubt are unhelpful to a jury, and, at worst, they have the potential to impair a defendant's constitutional right to have the government prove each element beyond a reasonable doubt.  An attempt to

define reasonable doubt presents a risk without any real benefit.").  While the Tenth Circuit approves of the administration of a reasonable doubt instruction, the concern of jury confusion shared by the Fourth and Seventh Circuits may nonetheless arise when the jury receives an elaborate or lengthy definition.  Put simply, this is because the more one tries to explain the concept, the more likely they are to convey an inaccurate definition.

A number of courts have examined particular instances in which trial courts or prosecutors have attempted to explain "reasonable doubt" to juries, and have generally been critical of these attempts.  In *Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993), the Supreme Court held that a jury instruction which equates "beyond a reasonable doubt" with "strong belief" is constitutionally deficient. An instruction equating a reasonable doubt with a "grave uncertainty" and an "actual substantial doubt," and stating that what was required was a "moral certainty" that the defendant was guilty, was likewise deficient.  *Cage v. Louisiana*, 498 U.S. 39, 41 (1990).  In *United States v. Pungitore*, 910 F.2d 1084, 1128 (3d Cir. 1990), the Third Circuit disapproved of a prosecutor likening the Government's evidence to a nearly-complete jigsaw puzzle.  In *People of Territory of Guam v. Ignacio*, 852 F.2d 459, 461 (9th Cir. 1988), the Ninth Circuit held the following instruction to be an erroneous statement of the law: "Now, proof beyond a reasonable doubt is proof with such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs."  In *Petrocelli v. Angelone*, 248 F.3d 877, 888-89 (9th Cir. 2001), the Ninth Circuit found it erroneous to equate guilt beyond a reasonable doubt with "getting to the 97-yard line" in a football game.

Although not all of these proffered definitions of "reasonable doubt" resulted in reversible error, the Court is unaware of an instance in which an appellate court found that an explanation supplementing a proper definition of "reasonable doubt" was actually helpful.  Here,

the proposed demonstrative would be offered to the jury after the Court has finished administering jury instructions.  In this sense, the demonstrative's purpose would be, at best, to supplement the Court's instruction – an instruction it recently rewrote in light of a growing body of case law approving of the language in this instruction – and, at worst, to confuse the jurors such that their lack of understanding of the term itself would translate into confusion about the whole case.  Of course, Defendant has nothing to lose, and perhaps much to gain, from the jury's confusion.  If jurors are unable to agree as to the burden of proof, they are more likely either to hang, or vote to acquit.  This result, however, would not be based on accurate application of the law to the facts at issue in this case.  For this reason, the Court concludes that the proposed demonstrative aid has no potential to help the jury, and has great potential to confuse or mislead them.  For this reason, it is inadmissible under Rule 403.

## CONCLUSION

It is **HEREBY ORDERED** that the Government's *Amended Motion in Limine to Prevent Use of "Burden of Proof" Demonstrative Aid* (Doc. 189) is **GRANTED**.

Dated this 1st day of May, 2013.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
Jon K. Stanford
C. Paige Messec

*Attorney for Defendant:*
Ryan Villa

5