IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                               No. 08 CR 1541 MV

FRANCISCO BURCIAGA,

       Defendant.

## MEMORANDUM OPINION

**THIS MATTER** is before the Court the Government's Objection to Defendant's

Proposed Adverse Inference Instruction (Doc. 196).  The Court considered the objection, briefs,

and the relevant law.  On the third day of trial, the Court sustained the Government's objection

and declined to issue the proposed instruction for the reasons stated herein.

## BACKGROUND

Mr. Burciaga was arrested on June 24, 2008, after an investigation of his vehicle during a

routine traffic stop revealed a hidden compartment containing packages of heroin.  His vehicle

was seized after his arrest and towed to the New Mexico State Police (NMSP) station in Raton.

Two days later, NMSP transferred it to United States Marshals Service (USMS) custody.

On July 17, 2008, the Magistrate Judge issued a discovery order that closely tracks

Federal Rule of Criminal Procedure 16.  It requires the Government to "permit the defendant to

inspect . . . tangible objects . . . which are within the possession, custody or control of the

government, and which are material to the preparation of the defendant's defense or are intended

for use by the government as evidence in chief at the trial, or were obtained from or belong to the

1

defendant." Doc. 14 at 2-3. The order also states that Defendant is deemed to request discovery, triggering the provisions of Rule 16(a)(1).

On July 24, 2008, the DEA mailed Defendant and counsel at the time a "Notice of Seizure" explaining that the DEA had seized his vehicle pursuant to 21 U.S.C. § 881 and that forfeiture proceedings were underway. The Notice informed Defendant that he could petition the DEA for a return of his property and/or contest the seizure and forfeiture in court, and that his failure to do so would result in the termination of his interest in the vehicle.

Defendant did not contest the forfeiture. The vehicle was forfeited in October of 2008 and sold in November of the same year. At the first trial, Defendant called an expert witness, former ATF agent Gary Ainsworth, who opined that the forfeiture was improper, given the fact that criminal proceedings had not concluded. He stated that, were the car still available, he would have investigated it for possible exculpatory evidence. Specifically, he would have examined the hidden compartment for fingerprints or other evidence, and to determine the age of the compartment, as Defendant had only recently purchased the vehicle.

Defendant called Mr. Ainsworth at the second trial, and he proffered largely identical testimony to that in the first trial. On April 16, 2013, Defendant submitted a proposed jury instruction to which the Government objected. The proposed instruction, termed an "adverse inference" instruction by the parties and the case law, essentially instructs the jury that if it finds that the disposal of the vehicle was improper, it may infer that the disposed evidence would have been unfavorable to the Government.

## APPLICABLE LAW

**I.      Rule 16**

Federal Rule of Criminal Procedure 16 provides, in relevant part:

Upon a defendant's request, the government must permit the defendant to inspect
. . . tangible objects . . . within the government's possession, custody, or control
[if]:
>  (i) the item is material to preparing the defense;
>  (ii) the government intends to use the item in its case-in-chief at
>  trial; or
>  (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E).  With respect to a party's failure to comply with discovery
requirements, the Rule provides:

If a party fails to comply with this rule, the court may:
>  (A) order that party to permit the discovery or inspection; specify
>  its time, place, and manner; and prescribe other just terms and
>  conditions;
>  (B) grant a continuance;
>  (C) prohibit that party from introducing the undisclosed evidence;
>  or
>  (D) enter any other order that is just under the circumstances.

FED. R. CRIM. P. 16(d)(2).

This Court has broad discretion to sanction a party who violates discovery orders.  *United
States v. Golyansky,* 291 F.3d 1245, 1248 (10th Cir. 2002).  When the government fails to
comply with a discovery order, the Court should consider the following factors in fashioning an
appropriate sanction, if any: "(1) the reasons the government delayed producing the requested
materials, including whether or not the government acted in bad faith when it failed to comply
with the discovery order; (2) the extent of prejudice to the defendant as a result of the
government's delay; and (3) the feasibility of curing the prejudice with a continuance."  *United
States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988).  However, these three factors are mere
guidance and "are not intended to dictate the bounds of the court's discretion."  *Id.*

II.     **Adverse Inference Instructions**

        Law enforcement's failure to preserve evidence that is potentially exculpatory to a

criminal defendant amounts to a denial of due process only if the defendant "can show bad faith

on the part of the police."  *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  In a civil case, the

Tenth Circuit has stated that even in the absence of bad faith, it is proper for a trial court to

impose sanctions when "(1) a party has a duty to preserve evidence because it knew, or should

have known, that litigation was imminent, and (2) the adverse party was prejudiced by the

destruction of the evidence."  *Henning v. Union Pac. R.R. Co.,* 530 F.3d 1206, 1220 (10th Cir.

2008) (citation omitted).  However, the law is clear that the sanction of an adverse inference

instruction to the jury must be supported by evidence that the party who disposed of the evidence

did so out of "consciousness of a weak case."  *Turner v. Public Service Co. of Colorado*, 563

F.3d 1136, 1149 (10th Cir. 2009) (citations omitted).  Such an instruction "must be predicated on

the bad faith of the party destroying the records . . . .  Mere negligence in losing or destroying

records is not enough[.]"  *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997)

(citations omitted).

        Although the Tenth Circuit has not examined the applicability of these principles to the

criminal context, the Ninth Circuit has.  In *United States v. Romo-Chavez*, 681 F.3d 955, 961

(9th Cir. 2012), the court held that "to warrant [an adverse inference] instruction, a criminal

defendant must establish (1) that the evidence was destroyed in bad faith, and (2) that he was

prejudiced by its destruction."  The court explained that "the bad faith requirement, absent from

the general civil standard, exists in criminal cases because it limits the extent of the police's

obligation to preserve evidence to reasonable bounds and confines it to that class of cases where

the interests of justice most clearly require it."  *Id*. (quoting *Youngblood,* 488 U.S. at 58).

## DISCUSSION

**I.      Text of Proposed Instruction**

Defendant's proposed instruction reads as follows:

This case involves allegations concerning Mr. Burciaga's knowledge of the presence of heroin in a hidden compartment in the car that he had recently purchased. The vehicle was disposed before Mr. Burciaga had the opportunity to inspect it. It is the duty of the Government to allow a defendant to inspect tangible objects which are in its possession and which are material to the defendant's defense or were obtained from or belong to the defendant. It is also the duty of the government not to take action that will cause the destruction or loss of relevant evidence where that will hinder the defendant from making his own examination of all potentially relevant evidence. If you should find that the Government allowed evidence to be disposed of or destroyed, then you may infer that the disposed of or destroyed evidence is unfavorable to the Government.

Doc. 195.

**II.     The Parties' Arguments**

Defendant appears to agree that the law cited by the Government requires him to establish bad faith in order to support the issuance of an adverse inference instruction. Instead of relying on this law, he frames his arguments in terms of a Rule 16 violation, which permits the Court to "enter any [] order that is just under the circumstances." FED. R. CRIM. P. 16(d)(2)(D). He asks the Court to apply this rule in fashioning an appropriate sanction, and he contends that an adverse inference instruction would be an appropriate sanction for the violation at issue. Noting that Rule 16 allows far more extreme remedies than this instruction even absent bad faith – and providing the example of suppression of evidence – Defendant argues that the Court's administration of his proposed instruction would be appropriate under Rule 16.

The Government disputes Defendant's assertion that it violated Rule 16, and it argues that even if the Court were to find that it violated Rule 16 and/or the discovery order, the sanction of the proposed adverse inference instruction would not be proportionate to the

violation.  Not only did the Government not act in bad faith, but Defendant suffered no prejudice as a result of the vehicle's disposal.

## III.    Analysis

The Court need not decide the question of whether or not the Government committed a discovery violation.  Assuming without deciding that the disposal of the vehicle so soon after Defendant's arrest amounted to a violation, the Court finds that the adverse inference instruction would not be an appropriate sanction for this violation.

### A.    Defendant's Proposed Instruction Is Inappropriate Under Rule 16

Defendant relies on Rule 16's authorization of any order that is "just under the circumstances" to address discovery violations.  However, the proposed sanction of an adverse jury instruction would not be just under these circumstances for two primary reasons.  First, the proposed instruction misstates the facts and the law.  Second, even if the Court were to correct the instruction's legal and factual misstatements, the proposed instruction is not just (as required by Rule 16(d)(2)(D)), because Defendant has failed to advance evidence of bad faith, nor is his argument that he has been prejudiced persuasive.

#### 1.    Legal and Factual Misstatements

The proposed instruction is factually inaccurate in that it instructs the jury that "the vehicle was disposed before Mr. Burciaga had the opportunity to inspect it."  In fact, he had a short opportunity to inspect it, but did not arrange to do so.  While one month is arguably an insufficient amount of time for the Government to keep the vehicle, it is simply not true that Defendant had *no* opportunity to inspect it.

The proposed instruction also misstates the law in that it states: "If you should find that the Government allowed evidence to be disposed of or destroyed, then you may infer that the

disposed of or destroyed evidence is unfavorable to the Government." The case law on adverse inference instructions clearly requires more than a finding that the Government "allowed" the destruction of evidence. The law requires evidence sufficient to support an inference that the Government was aware that the evidence was unfavorable to it, and a finding that the Government disposed of the evidence in bad faith. *See*, *e.g.*, *Turner*, 563 F.3d at 1149; *Aramburu*, 112 F.3d at 1407.

### 2.    The Proposed Instruction Is Improper

Even if the Court were to correct the inaccuracies of Defendant's proposed instruction, it is nonetheless improper in light of the relevant case law. The Court first looks to the law addressing the administration of an adverse jury instruction. The evidentiary foundation for the instruction is lacking, as Defendant has made no showing of bad faith. *See Booker v. Massachusetts Dept. of Public Health*, 612 F.3d 34, 46 (1st Cir. 2010) (requiring proper evidentiary foundation before administration of adverse inference instruction). The instruction asks the jury whether it finds "that the government intentionally disposed of the vehicle because it believed that it contained evidence favorable to Mr. Burciaga." Based on the evidence, the jury would have no basis to make such a finding, rendering the instruction inappropriate.

Nor does the law concerning appropriate sanctions for discovery violations condone the issuance of Defendant's proposed instruction. In *Wicker*, the Tenth Circuit articulated a non-exhaustive list of factors district courts should consider in fashioning an appropriate sanction for a discovery violation: "(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." *United*

*States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988).  The Government's reason for failing to produce the vehicle is that it auctioned it.  As discussed above, there is no indication the vehicle was auctioned in bad faith.  More likely, it was the disorganization, and possibly negligence, of the agencies that coordinated the auction.

With respect to the second *Wicker* factor, Defendant claims that he has been prejudiced because an inspection would have provided evidence material to his defense regarding the condition of the compartment, its age, and physical trace evidence.  He also maintains that his inability to inspect it rendered him unable to effectively cross-examine Officer Valdez regarding his opinion that the compartment was newly installed.  The flaw in Defendant's argument is that his guilt does not hinge on his own personal installation of the compartment, nor must the Government show that he personally loaded the heroin.  While it is of course possible that some aspect of the compartment's characteristics could have amounted to favorable evidence for Defendant, any prejudice Defendant suffered is minimal.

The final *Wicker* factor does point in Defendant's favor, as a continuance would not cure whatever prejudice he suffered (if any).  This is because allowing the Government additional time would not help it retrieve the vehicle or compartment, nor ensure that their condition has not changed since the arrest.

On balance, the three *Wicker* factors would support only a minimally punitive sanction against the Government.  The case law on adverse jury instructions – which developed in light of the fact that such an instruction can be substantially damaging to the party against whom it is issued – demonstrates that the sanction Defendant proposes is disproportionate to the violation.  Rather, the Court already issued an order allowing Gary Ainsworth to proffer expert testimony, during which he opined that the vehicle's disposal was improper.  This order was explicitly *not*

issued as a sanction against the Government.  Yet whatever sanction the Court might devise to address the Government's premature disposal of the vehicle would be designed to have no harsher effect than that of Mr. Ainsworth's testimony.  As the proposed adverse inference instruction would serve as the Court's seal of approval on Mr. Ainsworth's opinion, the punitive nature of the instruction is disproportionate to the violation.

In summary, Defendant's efforts to convince the Court to apply Rule 16 – instead of the law directly addressing the administration of an adverse inference instruction – are unpersuasive. The two bodies of law are not so easily separated, and in fact are interrelated.  Rule 16 authorizes the imposition of any order the Court deems to be just.  In determining whether any given action is just, the Court surely should look to the case law directly discussing the requirements for imposing such an action.  Therefore, the law on adverse inference instructions informs the Court's conclusion regarding what order would be just under Rule 16.  The Court determined that it would be unjust to administer the instruction, and accordingly declined to do so.

**CONCLUSION**

It is **HEREBY ORDERED** that the Government's Objection to Defendant's Proposed Adverse Inference Instruction (Doc. 196) is **SUSTAINED**.

Dated this 4th day of June, 2013.

                                                                _____
                                                                **MARTHA VÁZQUEZ**
                                                                **UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
Jon K. Stanford
C. Paige Messec

*Attorney for Defendant:*
Ryan Villa

9
