IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO BURCIAGA,

    Movant,

vs.                                       Civil No. CV16-00313 MV/CG
                                         Criminal No. CR 08-01541 MV

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    **THIS MATTER** comes before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Francisco Burciaga's Motion for Judgement (sic) of Acquittal as a matter of law (CV Doc. 1, 2, 7; CR Doc. 315). The Court construes Burciaga's Motion as a second or successive motion under 28 U.S.C. § 2255, and will dismiss the Motion for lack of jurisdiction. Also before the Court are Burciaga's Motion to Correct (CV Doc. 5, CR Doc. 317), Petition for Certified Copy (CV Doc. 6, CR Doc. 318), Motion for Injunction (presentence report) (CV Doc. 8, CR Doc. 328), and Motion for Injunction (Heroin Hydrochloride) (CV Doc. 9, CR Doc. 329), which the Court will deny as moot in light of the dismissal of Burciaga's Motion for Judgement of Acquittal.

    On June 25, 2008, Burciaga was charged with possession with intent to distribute 1000 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(i). (CR Doc. 1). Following an initial mistrial, Burciaga was found guilty by a jury on May 31, 2013 (CR Doc. 218). The Court entered Judgment on the jury's verdict on November 26, 2013, and sentenced him to 240 months of incarceration followed by ten years of supervised release (CR Doc. 265).

Burciaga appealed to the United States Court of Appeals for the Tenth Circuit, and the Judgment was affirmed on February 4, 2015.  (CR Doc. 267, 281).

Burciaga filed a rule 60(b) motion on June 1, 2015, which the Court construed as stating a request for relief as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (CR Doc. 282. *See, also*, CV 15-00460 MV/GBW Doc. 1).  After the Court allowed him an opportunity to file a proper 2255 motion, Burciaga then filed his first § 2255 motion to vacate his sentence on June 29, 2015. (CR Doc. 284).  In his motion, supplemented by multiple additional filings, he argued ten grounds for relief, including ineffective assistance of counsel in failing to poll the jury after the verdict.  (*See* CR Doc. 284, 288, 290-295, 296-299, 305).  The Magistrate Judge entered Proposed Findings and Recommended Decision, recommending denial of relief and dismissal of the motion. (CR Doc. 306).  The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice on February 29, 2016. (CR Doc. 310, 311).  Burciaga then filed a rule 59(e) motion asking the Court to amend the final Order.  (CR Doc. 313).  The Court denied the rule 59(e) Motion to Amend on March 28, 2016.  (CR Doc. 314).

Burciaga filed his current Motion for Judgement of Acquittal on April 14, 2016.   (CV Doc. 1; CR Doc. 315).  The Motion raises new issues of ineffective assistance of counsel, claiming that his attorney failed to properly seek acquittal as a matter of law after the first mistrial, but prior to the jury verdict, and after the verdict in the second trial. (CV Doc. 1 at 1-2; CR Doc. 315 at 1-2).  Because Burciaga's Motion was not filed prior to final determination of his previous 2255 motion but, instead, was filed after the Court entered its final Order and after it denied relief under rule 59(e), the Court will construe Burciaga's Motion for Judgement of

Acquittal as a second or successive 2255 motion. *See, e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Burciaga has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. In order to proceed on a second or successive § 2255 motion, Burciaga would need to present grounds for relief based on either newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Burciaga presents neither but, instead, seeks to argue ineffective assistance grounds that were available to him at the time he filed his first § 2255 motion. *See United States v. Williams,* 480 Fed. App'x 503, 504-05 (10th Cir. 2012). Moreover, even assuming that the failure to move for acquittal as a

matter of law constituted ineffective assistance of counsel, the Court could not have granted Burciaga judgment of acquittal on a record that has been determined sufficient to support a jury verdict of guilt on direct appeal. Only if the evidence that the defendant committed the crimes alleged is so meager that no reasonable jury could find guilt beyond a reasonable doubt may a court grant acquittal as a matter of law. *United States v. Fleming*, 19 F.3d 1325, 1328 (10th Cir. 1994). It is difficult to see how any failure to request acquittal as a matter of law resulted in prejudice to Burciaga or would otherwise support relief under § 2255. *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984).

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Burciaga has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Francisco Burciaga's Motion for Judgement of Acquittal as a matter of law (CV Doc. 1, 2, 7; CR Doc. 315) is **DISMISSED** for lack of jurisdiction, Burciaga's Motion to Correct (CV Doc. 5, CR Doc. 317), Petition for Certified Copy (CV Doc. 6, CR Doc. 318), Motion for Injunction (presentence report) (CV Doc. 8, CR Doc. 328), and Motion for Injunction (Heroin Hydrochloride) (CV Doc. 9, CR Doc. 329),  are **DENIED** as moot in light of this dismissal, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE