IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO BURCIAGA,

    Movant,

vs.                                     No. CR 08-01541 MV
                                             No. CV 17-00101 MV/KBM

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Francisco Burciaga's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (" § 2255 Motion") (CR Doc. 343). The Court determines that Burciaga's § 2255 Motion is a second or successive motion under 28 U.S.C. § 2255 filed without authorization, and will dismiss the § 2255 Motion for lack of jurisdiction.

On June 25, 2008, Burciaga was charged with possession with intent to distribute 1000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). (CR Doc. 1). Following an initial mistrial, Burciaga was found guilty by a jury on May 31, 2013 (CR Doc. 218). The Court entered Judgment on the jury's verdict on November 26, 2013, and sentenced him to 240 months of incarceration followed by ten years of supervised release (CR Doc. 265). Burciaga appealed to the United States Court of Appeals for the Tenth Circuit, and the Judgment was affirmed on February 4, 2015. (CR Doc. 267, 281).

Burciaga filed a rule 60(b) motion on June 1, 2015, which the Court construed as stating a request for relief as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*See* CR Doc. 282. *See, also*, CV 15-00460 MV/GBW Doc. 1). After the Court allowed him an opportunity to file a proper § 2255 motion, Burciaga then filed his first § 2255 motion to vacate his sentence on June 29, 2015. (CR Doc. 284). In his motion, supplemented by multiple additional filings, he argued ten grounds for relief. (*See* CR Doc. 284, 288, 290-295, 296-299, 305). The Magistrate Judge entered Proposed Findings and Recommended Decision, recommending denial of relief and dismissal of the motion. (CR Doc. 306). The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice on February 29, 2016. (CR Doc. 310, 311). Burciaga then filed a rule 59(e) motion asking the Court to amend the final Order. (CR Doc. 313). The Court denied the rule 59(e) Motion to Amend on March 28, 2016. (CR Doc. 314). Burciaga appealed that ruling and was denied a certificate of appealability by the Tenth Circuit. (*See* CV 15-00460 Doc. 54, 56).

On April 14, 2016, Burciaga filed a Motion for Judgment of Acquittal (CR Doc. 315). The Court construed his Motion as a second or successive § 2255 motion filed without Tenth Circuit authorization. (CR Doc. 331). The Motion for Judgment of Acquittal was then dismissed for lack of jurisdiction under § 2255. (CR Doc. 331, 332). Burciaga did not appeal that dismissal.

Burciaga filed his current § 2255 Motion on January 17, 2017. (CR Doc. 343). Burciaga seeks relief based on an alleged invalidity of his drug trafficking conviction and failure of the United States to comply with the procedural requirements of 21 U.S.C. § 851(a). (CR Doc. 343 at 12). Burciaga bases his § 2255 Motion on an apparent misunderstanding of a footnote in the

Tenth Circuit's Order denying a certificate of appealability. (CR Doc. 343 at 14-15). However, regardless of whether Burciaga misunderstands the Tenth Circuit's Order, the relief he seeks is correction of his sentence under 28 U.S.C. § 2255 and the § 2255 Motion is a second or successive § 2255 motion filed without prior authorization by the Tenth Circuit. *See, e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Burciaga has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization.

When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. In order to proceed on a second or successive § 2255 motion, Burciaga would need to present grounds for relief based on either newly discovered evidence or

a new rule of constitutional law. 28 U.S.C. § 2255(h). Burciaga presents neither but, instead, seeks to argue § 851 grounds that were available to him at the time he filed his first § 2255 motion. *See United States v. Williams,* 480 Fed. App'x 503, 504-05 (10th Cir. 2012). Further, even if the United States Information under § 851 was untimely for purposes of Burciaga's first trial, it was procedurally adequate for his second trial. *See* CV 15-00460 Doc. 54 at 6-8. It is difficult to see how there was any prejudice to Burciaga or how his contentions would otherwise support relief under § 2255. *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984).

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Burciaga has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** as follows:

1. Francisco Burciaga's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CR Doc. 343) is **DISMISSED** for lack of jurisdiction; and

2. A certificate of appealability is **DENIED** under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts**.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE