IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO BURCIAGA,

    Movant,

vs.                                                                     Civil No. CV16-00757 MV/GBW
                                                                          Criminal No. CR 08-01541 MV

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings upon Movant Francisco Burciaga's motion re: Johnson v. U.S., 135 S. Ct. 2551 June 26, 2015 (CV Doc. 1, CR Doc. 325). The Court construes Burciaga's motion as a second or successive motion under 28 U.S.C. § 2255, and will dismiss the motion for lack of jurisdiction.

On June 25, 2008, Burciaga was charged with possession with intent to distribute 1000 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(i). (CR Doc. 1). Following an initial mistrial, Burciaga was found guilty by a jury on May 31, 2013 (CR Doc. 218). The Court entered Judgment on the jury's verdict on November 26, 2013, and sentenced him to 240 months of incarceration followed by ten years of supervised release (CR Doc. 265). Burciaga appealed to the United States Court of Appeals for the Tenth Circuit, and the Judgment was affirmed on February 4, 2015. (CR Doc. 267, 281).

Burciaga filed a rule 60(b) motion on June 1, 2015, which the Court construed as stating a request for relief as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

1

(CR Doc. 282. *See, also*, CV 15-00460 MV/GBW Doc. 1). After the Court allowed him an opportunity to file a 2255 motion in proper form, Burciaga then filed his first § 2255 motion to vacate his sentence on June 29, 2015. (CR Doc. 284). In his motion, supplemented by multiple additional filings, he argued ten grounds for relief, including ineffective assistance of counsel. (*See* CR Doc. 284, 288, 290-295, 296-299, 305). The Magistrate Judge entered Proposed Findings and Recommended Decision, recommending denial of relief and dismissal of the motion. (CR Doc. 306). The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice on February 29, 2016. (CR Doc. 310, 311). Burciaga then filed a rule 59(e) motion asking the Court to amend the final Order. (CR Doc. 313). The Court denied the rule 59(e) Motion to Amend on March 28, 2016. (CR Doc. 314).

Burciaga has now filed a motion seeking to challenge his sentence under the Supreme Court's decision in *Johnson v. United States,* ___ U.S. ___, 135 S.Ct. 2551 (2015). The exclusive remedy for testing the validity of a judgment and sentence is that provided for in 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). The Court will construe Burciaga's motion as a second or successive 2255 motion. *See, e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive

application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Burciaga has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. In order to proceed on a second or successive § 2255 motion, Burciaga would need to present grounds for relief based on either newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Burciaga appears to seek relief based on a new rule of constitutional law as announced in *Johnson.* In *Johnson*, the Supreme Court held that the residual clause of the ACCA is impermissibly vague and imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-63.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
> 
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> 
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious*

*potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-63.

Burciaga, however, was not sentenced under the ACCA, nor did he receive an enhanced sentence for prior violent felony convictions. Instead, he received an enhanced sentence based on prior felony drug trafficking convictions. (*See* CR Doc. 361). Therefore, *Johnson* has no application to his sentence and even if he were authorized to proceed by the Tenth Circuit, he could not obtain any relief under *Johnson.* The Court also determines under rule 11(a) of the Rules Governing Section 2255 Cases that Burciaga has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Francisco Burciaga's motion re: Johnson v. U.S., 135 S. Ct. 2551 June 26, 2015 (CV Doc. 1, CR Doc. 325) is **DISMISSED** for lack of jurisdiction, and a certificate of appealability is **DENIED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE